02-11-191-CR








 

 

NO. 02-11-00191-CR

 

 


 
 
 Charles Deandra Sims
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Charles Deandra Sims appeals his conviction for forgery.  We affirm.

          Two
days before Christmas in 2010, appellant drove with Albert Griffith to a bank
in Arlington where appellant and Griffith had accounts.  Appellant placed a $674.84
check and a deposit slip for Griffith’s account into one of the bank’s
drive-through tubes.  The check was drawn on Atlas Match, LLC.  The front of
the check designated appellant as the payee, and the back contained signatures bearing
appellant’s and Griffith’s names.  Julie Bair, who worked at the bank, recognized
appellant because he had been inside the bank to discuss matters related to his
account.[2]  When Bair looked at the
check, she believed that the payee’s name on the check had been “washed” because,
in part, appellant’s typed name did not match another font on the check.  A
teller instructed appellant to enter the bank, but only Griffith did so, and
appellant left the scene.

          A
grand jury indicted appellant with forgery.[3]  At trial, appellant pled
not guilty.  Douglas Lamb, Atlas Match’s chief operating officer, testified
that he had signed the check that appellant had presented to the bank, that the
check was originally made out to someone other than appellant, and that after
being placed in the mail, the check had been altered without the company’s
permission.  After listening to testimony from four witnesses (including Bair
and Lamb), hearing arguments from the parties, and deliberating for less than
an hour, the jury convicted appellant.

          During
the punishment phase of the trial, the trial court received appellant’s plea of
true on an enhancement allegation and heard appellant testify.  The court found
the enhancement allegation to be true and sentenced appellant to fifteen years’
confinement.  He brought this appeal.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); see
In re Schulman, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (analyzing
the effect of Anders).  Appellant has filed pro se responses to his
counsel’s brief.  The State has not filed a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
we are obligated to independently examine the record and to determine whether
there are arguable grounds for appeal.  See Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920,
922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel’s
motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct.
346, 351 (1988). We have carefully reviewed the record, counsel’s brief, and
appellant’s pro se responses to counsel’s brief.  We agree with counsel that
the appeal is wholly frivolous; we find nothing in the record that might
arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827–28
(Tex. Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6
(Tex. Crim. App. 2006).  Accordingly, we grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 13,
2012










 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00191-CR

 

 









 
 
 Charles
 Deandra Sims
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (1232037D)
  
 September
 13, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

PER
CURIAM

 









[1]See Tex. R. App. P. 47.4.





[2]Bair testified that
appellant’s account was “scheduled to be closed due to fraudulent activity.”





[3]See Tex. Penal Code
Ann. § 32.21(b) (West 2011).